UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Christian Healthcare Centers, Inc.,**<br><br>                    Plaintiff,<br><br>v.<br><br>**Dana Nessel,** in her official capacity as Attorney General of Michigan; **John E. Johnson, Jr.,** in his official capacity as Executive Director of the Michigan Department of Civil Rights; **Portia L. Roberson, Zenna Faraj Elhason, Gloria E. Lara, Regina Gasco-Bentley, Anupama Kosaraju, Richard Corriveau, and David Worthams,** in their official capacities as members of the Michigan Civil Rights Commission.<br><br>                    Defendants. | Case No.  1:22-cv-00787<br><br>**Plaintiff's Preliminary Injunction Motion**<br><br>*Oral Argument Requested* |

Under Federal Rule of Civil Procedure 65, Plaintiff Christian Healthcare Centers, Inc. requests a preliminary injunction to stop the named Defendants from violating the First Amendment of the United States Constitution.

Christian Healthcare asks that the preliminary injunction enjoin the named Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order from doing the following:

- Enforcing Michigan's Accommodation Clauses (MCL 37.2302(a)) to prevent Christian Healthcare from adopting and following a policy, pattern, or practice of referring to patients or members of the public using only those pronouns consistent with its religious belief that sex is immutable, such as Christian Healthcare's policy and practice of

declining to use gender-identity-based pronouns in medical charts and when referring to patients and the general public;

- Enforcing Michigan's Accommodation Clauses (MCL 37.2302(a)) to prevent Christian Healthcare from adopting and following a policy, pattern, or practice of only offering and providing medical services consistent with its religious belief that sex is immutable, such as Christian Healthcare policy and practice of declining to offer and provide hormone treatments used to facilitate a patient's attempt to transition to the opposite sex;

- Enforcing Michigan's Publication Clause (MCL 37.2302(b) and MCL 750.147) to prevent Christian Healthcare from explaining the religious nature of its medical care, its views about the immutability of sex, and how that view affects its services on their website—such as by posting Verified Complaint Exhibit 3 on its website or by making materially similar statements on its website or directly to prospective patients;

- Enforcing Michigan's Employment (MCL 37.2202(1)), Accommodation (MCL 37.2302(a)), or Notice (MCL 37.2206(1)–(2)) Clauses to prevent Christian Healthcare from adopting or following a policy, pattern, or practice of only offering positions for, only hiring, and only retaining employees who actually adhere to and agree to abide by the beliefs contained in Christian Healthcare's Religious Statements (Verified Compl. Exs. 3–7);

- Enforcing Michigan's Employment (MCL 37.2202(1)), Accommodation (MCL 37.2302(a)), or Notice (MCL 37.2206(1)–(2)) Clauses to prevent Christian Healthcare from adopting or following a policy, pattern, or practice of only offering positions for, only hiring, and only retaining employees who actually adhere to and agree to abide by the beliefs

2

    contained in Christian Healthcare's Religious Statements (Verified Compl. Exs. 3–7) for the following positions that qualify for the ministerial exception: Managers, the Medical Director, the Advance Practice Medical Providers, and Biblical Counselors as described in paragraphs 114-54 of the Verified Complaint;

- Enforcing Michigan's Notice Clause (MCL 37.2206(1)–(2)) to prevent Christian Healthcare from posting its desired employment application (Exhibit 15), biblical counselor position (Exhibit 12), and general solicitation for employment applications (App. 22) or materially similar statements on its website,

- Enforcing Michigan's Notice Clause (MCL 37.2206(1)–(2)) to prevent Christian Healthcare from asking prospective employees questions sufficient to learn their views about Christian Healthcare's Religious Statements (Exhibits 3–7), such as asking them whether they have read and agree with the statements, asking them about their religious background and current religious practices, and materially similar questions;

- Enforcing Michigan's Employment (MCL 37.2202(1)), Accommodation (MCL 37.2302(a)), or Notice (MCL 37.2206(1)-(2)) Clauses to prevent Christian Healthcare from asking existing employees to annually affirm the Religious Statements (Exhibits 3–7).

Absent a preliminary injunction, Christian Healthcare will suffer irreparable harm: the continued violation of its rights guaranteed by the United States Constitution. Christian Healthcare is also likely to succeed on the merits, the preliminary injunction serves the public interest, and the balance of the equities favors Christian Healthcare. In support of its motion, Christian Healthcare relies on any oral argument permitted and on the following documents:

3

- Plaintiff's Verified Complaint and the exhibits accompanying it;
- Plaintiff's Memorandum of Law in Support of Plaintiff's Preliminary Injunction Motion;
- Mark Blocher's Declaration in Support of Plaintiff's Preliminary Injunction Motion, dated August 29, 2022, and the documents accompanying it;
- Dr. Jeffrey Woo's Declaration in Support of Plaintiff's Preliminary Injunction Motion, dated August 26, 2022, and the documents accompanying it;
- Jonathan A. Scruggs's Declaration in Support of Plaintiff's Preliminary Injunction Motion, dated August 29, 2022, and the documents accompanying it;
- Any supplemental declaration in support of Plaintiff's preliminary injunction motion and related documents; and
- Plaintiff's reply in support of its preliminary injunction motion (if filed) and supporting documents (if any).

Christian Healthcare also asks this Court to waive any bond because this requested injunction serves the public interest by vindicating First Amendment rights. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1175–76 (6th Cir. 1995) (upholding district court's decision to waive bond requirement given the strength of the arguments and the public interest involved).

Christian Healthcare also requests oral argument to be heard at a time and date set by the Court. Local Civil Rules, Rule 7.2(d).

Respectfully submitted this 29th day of August, 2022.

|  |  |
|---|---|
|  | By: s/ John J. Bursch |
| Jonathan A. Scruggs | John J. Bursch |
| Arizona Bar No. 030505 | Michigan Bar No. P57679 |
| Ryan J. Tucker | **Alliance Defending Freedom** |
| Arizona Bar No. 034382 | 440 First Street NW, Suite 600 |
| Henry W. Frampton, IV* | Washington, DC 20001 |
| South Carolina Bar No. 75314 | (202) 393-8690 |
| Bryan D. Neihart* | (202) 347-3622 Fax |
| Arizona Bar No. 035937 | jbursch@ADFlegal.org |
| **Alliance Defending Freedom** |  |
| 15100 N. 90th Street |  |
| Scottsdale, Arizona 85260 |  |
| (480) 444-0020 |  |
| (480) 444-0028 Fax |  |
| jscruggs@ADFlegal.org |  |
| rtucker@ADFlegal.org |  |
| hframpton@ADFlegal.org |  |
| bneihart@ADFlegal.org |  |

*Attorneys for Plaintiff*

\*Pending Admission

## Certificate of Service

I hereby certify that on the 29th day of August, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF system. The foregoing document will be served via private process server with the Summons and Complaint to all defendants.

s/ John J. Bursch
John J. Bursch
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC. 20001

*Attorney for Plaintiff*
