# EXHIBIT C

DEPARTMENT OF CIVIL RIGHTS

CIVIL RIGHTS COMMISSION

ORGANIZATION, PRACTICE, AND PROCEDURE

Filed with the secretary of state on

These rules take effect immediately upon filing with the secretary of state unless adopted under section 33, 44, or 45a(9) of the administrative procedures act of 1969, 1969 PA 306, MCL 24.233, 24.244, or 24.245a.  Rules adopted under these sections become effective 7 days after filing with the secretary of state.

(By authority conferred on the civil rights commission by section 29 of article ~~5~~**V** of the state constitution **of 1963** and section **601 of the Elliott-Larsen civil rights act, 1976 PA 453, MCL 37.2601**~~5 of Act No. 45 of the Public Acts of the Second Extra Session of 1963, being S37.5 of the Michigan Compiled Laws~~)

R 37.2, R 37.4, R 37.5, R. 37.6, R 37.7, R 37.10, R 37.11, R 37.12, **and** R 37.25 **of the Michigan Administrative Code are amended, and R 37.28, R 37.29, R 37.30, and R 37.31 are added** ~~of the Michigan Administrative Code are amended~~, as follows:

R 37.2  Definitions.
  Rule 2. As used in these rules:
  (a) **"Certified complaint" means a complaint of discrimination, drafted by department staff on an official complaint form that is prepared after a preliminary determination of jurisdiction, and has the claimant's signature.**
  (b) "Chairperson" means the duly appointed or elected chairperson or a co-chairperson of the ~~civil rights~~ commission or, in the event of his or her or their absence, the acting chairperson designated by the remaining members of the commission.
  (c) "Charge" means that document or pleading authorized by the department ~~which~~**that** initiates a contested case hearing under R 37.12.
  (d) "Claimant" means any person ~~who files a complaint or applies to the department for the issuance of a charge.~~ **who makes a complaint of discrimination to the department.**
  (e) "Commission" means the state civil rights commission created by ~~article 5, S29,~~ **section 29 of article V** of the ~~Michigan~~ constitution.
  (f) "Commissioner" means any member of the ~~civil rights~~ commission.
  (g) **"Complaint" means a communication from the claimant to the department that alleges discrimination as set forth in R 37.4.**
  (h) "Constitution" means the **state** constitution **of 1963** ~~of the state of Michigan~~.
  (i) **"Day" means a calendar day, including a Saturday, Sunday, and state holiday.**
   (j) "Department" means the department of civil rights established by section 475 of **the Executive organization act of 1965, 1965 PA 380, MCL 16.575.**~~Act No. 380 of the Public Acts of 1965, as amended, being S16.575 of the Michigan Compiled Laws.~~
  (k) "Department investigator" means a member, agent, or employee of the department designated or delegated by the director to **conduct** ~~make~~ an investigation.

November 18, 2022

   (l) "Director" means the director of the department ~~of civil rights engaged~~ **appointed** by the commission.
   (m) "Hearing commissioner" means a commissioner designated by the chairperson or the commission to conduct a hearing.
   (n) "Hearing referee" means an agent of the commission designated or delegated by the chairperson or the director to conduct a hearing.
   (o) "Party" or "parties" means the claimant or respondent, or both, and the commission or department, or both, where appropriate.
   (p) "Person" means an individual, agent, association, corporation, joint apprenticeship committee, joint stock company, labor organization, legal representative, mutual company, partnership, receiver, trust, trustee, trustee in bankruptcy, unincorporated organization, ~~the~~ **this** state**,** or a political subdivision **or agency** of ~~the~~ **this** state**,** ~~or an agency thereof,~~ or **another** ~~any other~~ legal or commercial entity.
   (q) "Respondent" means a~~ny~~ person against whom the claimant has complained, or against whom the department has issued a charge.
   **(r) "Summary of complaint" means a document prepared by department staff following an intake interview that explains why a certified complaint was not taken and outlines the timeline to request a reconsideration of that decision.**

R 37.4  Complaints.
   Rule 4. (1) A~~ny~~ person claiming to be aggrieved by unlawful discrimination may **personally, or through** ~~by himself or herself or his or her~~ counsel or other agent**, submit a complaint to the department**. ~~make, sign, and file with the department a complaint. Assistance in drafting and filing complaints shall be available, without charge, to claimants at all department offices.~~
   (2) A~~ny~~ commissioner, ~~the~~ director, or agent authorized by the commission or director, may initiate, make, sign, and file a complaint **in the public's interest.**
   **(3) Assistance in drafting and filing a complaint must be available without charge at all department offices.**
   **(4)**~~(3)~~ A **certified** complaint ~~shall~~ **must** be in writing**, dated, and include all of the following:** ~~the original being signed and verified before a notary public or other person duly authorized by law to administer oaths and take acknowledgments. Notarial service shall be furnished without charge by the department.~~
   ~~(4) The complaint shall include the following:~~
   (a) The full name and address of the claimant and his or her agent, if any.
   (b) The full name and address of the respondent.
   (c) The alleged discrimination and a **detailed** statement ~~of~~ **describing it.** ~~the particulars thereof.~~
   (d) The date**,** ~~or~~ dates**, or range of dates** of the alleged discrimination **and** whether the alleged discrimination is of a continu**ous**~~ing~~ nature**.**~~, and the dates between which the continuing discrimination is alleged to have occurred.~~
   (e) **The claimant's signature**. ~~A statement as to any other proceeding, civil or criminal, based upon the same facts, occurrences, or transactions as alleged in the complaint, together with a statement as to the status or disposition of the other action. Where such a proceeding is pending, the commission or department may, in its discretion, delay consideration or action on the complaint filed.~~
   (5) The complaint ~~shall~~ **must** be filed with the department at 1 of its offices.

(6) The complaint ~~shall~~ **must** be filed within 180 days **after** ~~from~~ the date of the ~~occurrence of the~~ alleged discrimination, or within 180 days ~~of~~ **after** the date when ~~the occurrence of~~ the alleged discrimination was or should have been discovered. If the alleged discrimination is of a continu**ous**~~ing~~ nature, the date ~~of the occurrence~~ of the discrimination **is** ~~shall be deemed to be~~ any date **after** ~~subsequent to~~ the commencement of the discrimination**,** up to and including the date upon which the discrimination ~~shall have~~ ceased.

(7) The complaint may be filed by personal delivery**,** ~~or by~~ mail**, or electronic service, and addressed or emailed** to 1 of the department's offices.

(8) Complaint forms may be obtained at any of the offices of the department.

(9) A copy of the complaint filed by the claimant ~~shall~~ **must** be delivered or mailed to the respondent.

(10) The department may require answers to interrogatories, order the submission of books, papers, records, and other materials pertinent to a complaint, and require the attendance of witnesses, administer oaths, take testimony, and compel, through court authorization, compliance with its orders or an order of the commission.

(11) A complaint, or a~~ny~~ part **of a complaint**~~thereof~~, may **only** be withdrawn with~~only on~~ written consent of the commission or department upon ~~such~~ conditions ~~as shall be~~ ~~deemed~~ **considered** proper ~~in~~ **under** the circumstances.

R 37.5  **Conciliation** ~~C~~conference ~~and conciliation~~.
Rule 5. (1) The respondent may be invited, at any time, to participate in a **conciliation** conference **in a final attempt to address** and ~~conciliation in an endeavor to~~ eliminate the alleged discrimination**.** ~~and shall be invited to participate in such a conference prior to the issuance of a charge.~~

(2) The members of the commission and the department staff shall not disclose what has transpired ~~in the course of such endeavors~~ at **the conciliation** conference ~~and conciliation~~.

(3) If **the conciliation conference is successful,** the department shall ~~succeed in its endeavors at conference and conciliation, it shall mark the case accordingly and~~ notify the parties ~~by registered or certified mail, return receipt requested, of the terms of conciliation.~~ **of the resolution and close the case.**

**(4) If the conciliation conference fails, the department may do any of the following:**
 **(a) Conduct additional investigation.**
 **(b) Dismiss the certified complaint based on the investigation.**
 **(c) Refer the case for final legal review with a recommendation for a charge and an administrative hearing.**

R 37.6  Charge; issuance; refusal to issue.
Rule 6.  (1) If, after investigation, the department determines that there are sufficient grounds ~~therefor~~, a charge shall be issued.

(2) If the department determines that there are insufficient grounds **to issue a charge** ~~therefor~~, it shall refuse to issue a charge and shall notify the parties by ~~registered or certified~~ mail~~,~~ **or electronic service** ~~return receipt requested,~~ of the determination and ~~of~~ the refusal, together with the reasons **for refusal** ~~therefor,~~ and of the claimant's right to request reconsideration by the department of the determination within 30 days **after** ~~from~~ the date of mailing, in accordance with R 37.7.

R 37.7  Reconsideration of refusal to issue charge; request; hearing.
  Rule 7. (1) A claimant may request ~~of~~ **that** the department **reconsider a summary of complaint or refusal to issue a charge on a certified complaint** ~~a reconsideration of its refusal to issue a charge~~. The request ~~shall~~ **must** be in writing, state specifically the grounds upon which it is based, and be filed within 30 days after the date of mailing of the notice of disposition of which reconsideration is requested. It ~~shall~~ **must** be filed at any office of the department by personal delivery or by mail.
  **(2) A reconsideration of a summary of complaint must review whether the request for reconsideration is timely filed and if the allegations are jurisdictional.**
  **(3) Reconsideration of a closed or dismissed certified complaint must be filed within 30 days of closure or dismissal and must address the following 3 criteria:**
   **(a) Whether an adequate investigation was conducted.**
   **(b) Whether there is new probative evidence that may change the result of the investigation.**
   **(c) Whether the determination was made in error.**
  **(4)**~~(2)~~ The department may authorize a hearing on the request for reconsideration at ~~such~~ a time and place ~~and~~ before **the** ~~such~~hearing commissioner or commissioners or hearing referee or referees as it or the director may determine**,** and notice ~~thereof shall~~ **must** be given to all parties to the proceedings **by mail, electronic service, or delivery.** The parties may appear in person or by counsel,~~may~~ present witnesses and testimony, and examine and cross-examine witnesses. Verbatim stenographic notes of the proceedings ~~shall~~**must** be made and **maintained** ~~kept~~ by a competent reporter. The hearing commissioner or commissioners or hearing referee or referees shall report to the commission on **the**~~such~~ proceedings. The commission shall ~~make a determination as to~~ **determine** whether the department shall ~~further~~ consider the matter **further**, and notify all parties by registered or certified mail, return receipt requested, and ~~shall~~ issue instructions for appropriate action based upon such determination.

R 37.10  Charge; service.
  Rule 10.  Copies of the charge or amended charge ~~shall~~ **must** be delivered by **mail or electronic service** or sent by certified or registered mail, return receipt requested, to the parties, together with notice to the respondent to answer the charge as provided in R 37.11.

R 37.11  Answer.
  Rule 11. (1) The respondent shall file a written verified answer **to the charge of discrimination** within ~~20~~ **21** days **after** ~~from~~ the date of service of the charge.
  (2) The answer ~~shall~~ **must** be filed in duplicate at any office of the department. The filing ~~shall~~ **must** be by personal delivery ~~or registered or certified~~ mail **or electronic service, with proof of service.** ~~, return receipt requested~~
  (3) Upon request, the commission or director may, for good cause shown, extend the time within which the answer may be filed.
  (4) The answer ~~shall~~ **must** be in writing~~,~~ **and** the original ~~being~~ **must be** signed and verified by the respondent. The answer ~~shall~~ **must** contain the ~~post office~~ address of the respondent, and if he or she is represented by counsel, the name and ~~post office~~ address of counsel. The answer ~~shall~~ **must** contain a general or specific denial or admission **or a denial of any knowledge or information sufficient to form a belief** of ~~each and~~ every allegation of the charge~~, or a denial of any knowledge or information sufficient to form a belief,~~ and a statement of any matter constituting

a defense. An~~y~~ allegation in the charge ~~which~~ **that** is not denied or admitted in the answer, unless the respondent ~~shall~~ state**s** in the answer that he or she is without knowledge or information sufficient to form a belief, ~~shall be~~ **is** ~~deemed~~ **considered** admitted.

(5) The respondent ~~shall have~~ **has** the right, reasonably and fairly, to amend his or her answer**. Both of the following apply to an amended answer**:

(a) The respondent's right to amend his or her answer may be exercised at any time**, without permission,** up to 10 days before the first hearing~~., without permission, and thereafter,~~ **If the first hearing is in less than 10 days, the respondent may apply, and** ~~in the discretion of~~ the hearing commissioner ~~or commissioners,~~ or hearing referee ~~or referees,~~ **may allow the respondent to amend his or her answer** ~~on application duly made therefor~~.

(b) Duplicate copies of an amended answer ~~shall~~ **must** be filed with the department.

(6) If an answer is not filed within the time provided for in these rules, each of the allegations in the charge ~~shall be~~ **are** ~~deemed~~ **considered** admitted. Upon application, the **hearing commissioner or hearing** referee, for good cause shown, may set aside the admission.

(7) The department, within ~~5~~ **7** days after the date of ~~filing~~ receiving an answer or amended answer **from the respondent**, shall send a copy **by mail or electronic service, with proof of service,** to ~~thereof by registered or certified mail, return receipt requested, to the claimant~~ **the claimant's** ~~at his or her~~ last known **address of record** ~~place of residence~~ or to ~~his or her~~ **the claimant's** counsel.

R 37.12  Hearing.
Rule 12. (1) Upon or after the issuance and service of a **department-issued** charge, the commission or director may schedule and summon the parties to a hearing ~~thereon~~. The commission may**,** at any time**,** schedule and conduct a hearing with respect to any matter ~~which~~ **that** in the judgment of the commission may involve unlawful discrimination and may warrant investigation by the commission, regardless of whether a charge or ~~a~~ complaint ~~therefor shall have~~ **has** been filed by or with the department.

(2) Notice of the time and place of the hearing ~~shall~~ **must** be mailed**, electronically served,** or delivered to the parties not less than ~~20~~ **21** days **before** ~~prior to~~ the date of the hearing. Upon good cause shown, the commission or director may order a hearing upon shorter notice. However, notice of the time and place of **a** hearing **upon shorter notice** ~~shall~~ **must** be mailed**, electronically served,** or delivered to the parties not less than 7 days **before** ~~prior to~~ the date of the hearing, unless ~~such~~ notice is waived by each party.

(3) A hearing **must** ~~shall~~ be conducted by 1 or more hearing commissioners, or 1 or more hearing referees, or any combination of hearing commissioners or **hearing** referees**.** ~~, which~~ **The** hearing commissioners or **hearing** referees shall hear the evidence and report ~~thereon~~ to the commission.

(4) Unless waived by the hearing commissioners or ~~the~~ hearing referees, the claimant shall be present at the hearing. The respondent may appear at the hearing in person or by counsel, examine and cross-examine witnesses and, if an answer has been filed, may submit oral testimony and other evidence in support of the answer.

(5) **Subject to R 37.31, hearings** ~~Hearings shall~~ **must** be held at a place designated by the commission or director having due regard for the convenience of the parties and witnesses.

(6) The case in support of the charge ~~shall~~ **must** be presented at the hearing by the department's counsel or by a member of the department's staff, or upon notice from **the** claimant, by the claimant or his or her counsel, subject ~~, however,~~ to the right of the department to present ~~other or~~ additional evidence or argument**s**.

   (7) Hearing commissioners or **hearing** referees ~~shall~~ have full authority to control the procedure of the hearing, ~~to~~ admit or exclude testimony or other evidence without regard to strict rules of evidence, and ~~to~~ rule upon all motions and objections**,** ~~as follows:~~**and may do any of the following:**

   (a) ~~On their own~~ **By** motion~~,~~ or at the request of a party~~, the hearing commissioners or referees shall~~ order witnesses excluded so that they cannot hear the testimony of other witnesses. The hearing commissioners or **hearing** referees shall not exclude a party, an individual designated by a party as its representative, or a person whose presence is shown by a party to be essential to the party's presentation of his or her position.

   (b) ~~Hearing commissioners or referees may examine~~ **Examine** witnesses and direct the production of papers or other evidence.

   (c) **Hear oral testimony.** Oral testimony ~~shall~~ **must** be given under oath or affirmation and verbatim stenographic notes of the hearing ~~shall~~ **must** be made and **maintained** ~~kept~~ by a competent reporter. Transcripts ~~shall~~ **must** be **maintained** ~~kept~~ and, **before** ~~prior to~~ the issuance of a final order, ~~shall~~ be available to the **hearing** commissioners ~~and~~ **or** hearing referees**.**~~;~~ ~~p~~**P**arties may obtain transcripts by making ~~suitable~~ arrangements with the reporters, and the department ~~shall not be~~ **is not** responsible for providing transcripts to the parties **before the** ~~prior to~~ issuance of final orders.

   **(8)** ~~(d)~~ ~~Where~~**If** hearings are conducted by 3 or more commissioners or referees, all rulings and determinations ~~shall be~~ **are** made by majority rule.

   **(9)** ~~(e)~~ Evidence of the department's endeavors at conciliation ~~shall~~ **is** not ~~be~~ admissible at the hearing.

**(10)** ~~(8)~~Hearing commissioners or **hearing** referees or a party may request a prehearing conference ~~which~~ **that** the hearing commissioner or **hearing** referee may schedule, subject to objection by any party. ~~Such~~ **A** prehearing conference may be held to obtain admissions, stipulations as to fact and law, agreement on the issues, and to determine the authenticity of documents.  **A prehearing conference may be held in-person, by telephone, videoconference, or other electronic means.** Written stipulations may be introduced in evidence if signed by each person sought to be bound ~~thereby~~, or by his or her counsel. Oral stipulations may be made on the record at open hearing.

   **(11)** ~~(9)~~ Hearing commissioners or **hearing** referees may continue a hearing from day to day or adjourn it to a later date or to a different place by **an** announcement ~~thereof~~ at the hearing or by appropriate notice to all parties.

   **(12)** ~~(10)~~ Hearing commissioners or **hearing** referees shall **allow** ~~permit~~ the parties ~~or~~**,** their counsel**,** or the member of the department's staff presenting the case in support of the charge, and may **allow** ~~permit~~ interveners, to argue orally before them and to file briefs within **the** ~~such~~ time limits ~~as~~ the hearing commissioners or **hearing** referees ~~may~~ determine.

   **(13)** ~~(11)~~ Hearing commissioners or **hearing** referees may exclude **any person who engages in improper conduct before them** from the hearing room or from further participation in the proceeding ~~any person who engages in improper conduct before them~~, except a party, his or her counsel, or a witness engaged in testifying, each of whom ~~shall be~~ **are** subject to appropriate disciplinary action by the commission.

**(14)** ~~(12)~~ Hearings ~~shall~~ **must** be open to the public, unless the **hearing commissioners** ~~commission~~ or ~~referee shall otherwise~~ **hearing referees** determine **otherwise**.

   **(15)** ~~(13)~~Any motion filed by a party **after** ~~subsequent to~~ the issuance of a charge and **before the** ~~prior to~~ hearing ~~shall~~ **must** be referred to the hearing commissioners or **hearing** referees for decision. The hearing commissioners or **hearing** referees may request briefs ~~or~~ **and** schedule oral

arguments, ~~or both,~~ as they ~~deem~~ **consider** necessary, and, where appropriate, they may reserve their ruling until the conclusion of the hearing. All rulings upon motions ~~shall~~ **must** be included in the report of the hearing commissioners or **hearing** referees to the commission.

  **(16)** ~~(14)~~ A party may submit, or the hearing commissioners or **hearing** referees may request, proposed findings of fact, proposed conclusions of law, and proposed orders at the conclusion of the hearing. All ~~such~~ proposals ~~shall~~ **must** be submitted to the commission with the report of the hearing commissioners or **hearing** referees.

R 37.25  Exemption from particular section of act; bona fide occupational qualification~~.~~ **(BFOQ).**
  Rule 25. (1) A person subject to article 2 of **the Elliott-Larsen civil rights act, 1976 PA 453, MCL 37.2201 to 37.2211,** ~~Act No. 453 of the Public Acts of 1976, being S37.2201 et seq. of the Michigan Compiled Laws,~~ may apply to the commission for exemption from particular sections of article 2 of **the Elliott-Larsen civil rights act, 1976 PA 453, MCL 37.2201 to 37.2211,** ~~Act No. 453 of the Public Acts of 1976, being S37.2201 et seq. of the Michigan Compiled Laws,~~ on the basis that religion, national origin, age, height, weight, or sex is a bona fide occupational qualification **(BFOQ). An application** ~~may be obtained from, and may be submitted to, any office of the department, and the department shall transmit them to the commission.~~ **for a BFOQ exemption may be obtained from the department's office of legal affairs or via the website at www.michigan.gov/mdcr.**
  (2) The commission may direct the department to investigate any matter deemed relevant to ~~such~~ **an** application~~s~~, and the applicant shall make available ~~any and~~ all records, documents, data, or other information requested by the department or commission. Failure to provide ~~such~~ **this** information ~~shall~~ result**s** in denial of the application.
  (3) An exemption **must** ~~shall~~ not be granted if the same facts and circumstances are at issue in a complaint pending before the department or commission. Upon a sufficient showing, the commission may grant an exemption. The exemption may be later revoked by the commission if the commission obtains other or different information, but **the** ~~such~~ revocation~~s~~ ~~are~~ **is** prospective. Any person obtaining **an** exemption shall notify the commission if and when the classification exempted is no longer utilized.
  **(4) An approved BFOQ exemption is effective for not more than 5 years after the date of the order of exemption issued by the commission.**
  **(5) Within 21 days' after notice to the person to whom an approved BFOQ exemption has been granted, the commission may revoke the BFOQ exemption by a majority vote of the commission.**
  **(6) An application to renew a BFOQ exemption may be submitted on the application form provided by the department.**

**R 37.28  Method for Calculation of Days.**
  **Rule 28. (1) All time is measured in days unless another rule specifically provides a different method.**
  **(2) When counting the number of days, Saturdays, Sundays, and state holidays must be included, subject to subrule (4) of this rule.**
  **(3) "Day 1," the first day for counting, is the day after the event.**
  **(4) When counting the number of days, the last day of the counting period is included, unless it is a Saturday, Sunday, state holiday, or other day when state offices are closed, in**

which cases the last day becomes the next day state offices are open for business.

**R 37.29  Mail and Electronic Service.**
  Rule 29. (1) Mailing a copy under these rules means enclosing it in a sealed envelope with first class postage fully prepaid, addressed to the person to be served, and depositing the envelope and its contents in the United States mail. Service by mail is complete upon mailing. Electronic service must be by email. When filing documents by email, all of the following apply:
  (a)   All documents must be in PDF format.
  (b) The email subject line must include the case name, department case number, and title of each document being sent.
   (c) An email sent at or before 11:59 p.m. is considered served on that day. If the email is sent on a Saturday, Sunday, or legal holiday, it is deemed to be served on the next business day.
 (2) Both mailing and electronic service require proof of service. Proof of service must be by written acknowledgment of service, or a written statement by the individual who served the documents.
 (3) Proof of service may be satisfied in documents filed through mail or email, or both, with the following written statement:

>  PROOF OF SERVICE
>     I, ___*[name]*____, certify, under penalty of perjury, that on __*[date]*___, I caused a copy of the above document to be served by __*[mail/email]*__ on ____*[other party name]*_____.
>     /s/ [electronic signature]
>     [name]

**R 37.30  Signature.**
 Rule 30.  (1) The claimant's signature on a certified complaint form means all of the following apply:
  (a) Claimant has read the document.
  (b) To the best of claimant's knowledge, information, and belief the allegations are grounded in fact.
   (c) The certified complaint is made in good faith and not made for any improper purpose, including to harass or to cause unnecessary expense.
   (2) Retention of a signature electronically affixed to a document that will be retained in electronic format must not depend on the mechanism that was used to affix that signature.

**R 37.31 Manner of Hearings.**
  Rule 31. (1) Hearings scheduled in accordance with R. 37.7 and R. 37.12 may be held in person or remotely, or both, at the discretion of the commission and in a manner as determined by the commission.
   (2) If a remote hearing is initially scheduled for a hearing pursuant to R 37.7, the claimant must be provided an opportunity to request an in-person hearing.  A request for an in-person hearing must be made in writing to the commission within 7 days of the hearing notice.

  (3) If a remote hearing is initially scheduled for a hearing pursuant to R 37.12, a party may request an in-person hearing within 7 days of the hearing notice.
  (4) Requests for in-person hearings are considered on a case-by-case basis and granted only if both of the following requirements are met:
   (a) A reasonable, good cause showing of accessibility limitations, specific evidentiary issues, or other unique circumstance.
   (b) An agreement to comply with specific requirements for in-person hearings.