IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Christian Healthcare Centers, Inc.**<br><br>Plaintiff,<br><br>v.<br><br>**Dana Nessel,** in her official capacity as Attorney General of Michigan; **John E. Johnson, Jr.,** in his official capacity as Executive Director of the Michigan Department of Civil Rights; **Portia L. Roberson, Zenna Faraj Elhason, Gloria E. Lara, Richard Corriveau, David Worthams,** and **Luke Londo** in their official capacities as members of the Michigan Civil Rights Commission.<br><br>Defendants[1]. | Case No. 1:22-cv-000787-JMB-PTG<br><br>**Plaintiff's Motion for Leave to File Supplemental Brief and Evidence in Support of its Motion for Reconsideration** |

---

[1] Based on Federal Rule of Civil Procedure Rule 25(d), the terms of Commissioner-Defendants Regina Gasco-Bentley and Anupama Kosaraju have expired and they are no longer on the Commission. *See* https://bit.ly/44voIOi. Commissioner Luke Londo has been substituted as a defendant in their place. *Id.*

Plaintiff Christian Healthcare Centers, Inc. moves to file a supplemental brief and evidence in support of its motion for reconsideration. This Court may "permit or require further briefing" for dispositive motions and may permit reply briefs for non-dispositive motions. W.D. Mich. LCirR 7.2(c); *id.* at 7.3(c). Under either standard, Christian Healthcare should be allowed to file its requested supplemental brief and evidence in support of its motion for reconsideration.

As explained in more detail in the accompanying Supplemental Brief and Evidence in Support of Plaintiff's Motion for Reconsideration, the evidence is a complaint against and Michigan's of Catholic Charities of Shiawassee & Genesee Counties (Catholic Charities) based on alleged gender identity discrimination. This evidence is relevant to Christian Healthcare's standing because it demonstrates the ministry faces a credible threat of prosecution as *Michigan is currently investigating a religious entity for allegedly discriminating based on gender identity*. This evidence is also new as Michigan just disclosed the complaint to Catholic Charities on May 3, 2023. *See* Ex. A. So Christian Healthcare could not have previously relied on it. For these reasons, Christian Healthcare has good cause for not highlighting this evidence sooner. *See Harshaw v. Bethany Christian Servs.*, No. 1:08-CV-104, 2010 WL 610262, at *1 (W.D. Mich. Feb. 19, 2010) (using "good cause" standard to evaluate whether to grant motion for leave to file a supplemental brief).

The complaint is particularly important because, in prior briefing, Michigan tried to defeat Plaintiff's standing and oppose Plaintiff's request for a preliminary injunction by claiming that "there have been no investigations, prosecutions or enforcement actions … against other religious entities" based on complaints alleging sexual orientation or gender identity discrimination. Defs.' Br. in Opp'n to Pl.'s Mot. for Prelim. Inj. (Defs.' MPI Resp.), PageID.503. That representation to the Court is no longer true.

What's more, the State's Order requires Catholic Charities to produce a huge number of documents and information, including a response to the complaint and information about "all employees," "all other properties," and trainings and policies. Ex. A at 7–8. The Order also warns that Catholic Charities may be required to respond to "a comprehensive set of interrogatories," sit for interviews, and produce "documents, videos, audio, etc." *Id.* at 2. And all of that is due even before Michigan determines whether the complaint has any basis in fact or law, i.e., whether there is an appropriate religious defense to the investigation. *Id.* at 3 (noting options "[o]nce an investigation is complete"). In other words, Michigan launched this invasive process without first evaluating Catholic Charities' constitutional or statutory free-exercise protections.

Accordingly, Christian Healthcare respectfully requests that this motion to file a supplemental brief and evidence in support of its motion for reconsideration be granted.

Respectfully submitted this 8th day of May, 2023.

Jonathan A. Scruggs
Arizona Bar No. 030505
Ryan J. Tucker
Arizona Bar No. 034382
Henry W. Frampton, IV
South Carolina Bar No. 75314
Bryan D. Neihart
Arizona Bar No. 035937
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@ADFlegal.org
rtucker@ADFlegal.org
hframpton@ADFlegal.org
bneihart@ADFlegal.org

By: s/ John J. Bursch
John J. Bursch
Michigan Bar No. P57679
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
jbursch@ADFlegal.org

*Attorneys for Plaintiff*

4

## Certificate of Service

I hereby certify that on May 8, 2023, I electronically filed the foregoing document with the Clerk of Court and that the foregoing document will be served via the CM/ECF system on all counsel of record.

By: s/ John J. Bursch

John J. Bursch
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001

*Attorney for Plaintiff*

5