UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN HEALTHCARE CENTERS,
INC.,

      Plaintiff,

v

DANA NESSEL, in her official
capacity Attorney General of Michigan, JOHN
E. JOHNSON, JR., in his official capacity as
Executive Director of the Michigan
Department of Civil Rights, PORTIA L.
ROBERSON, ZENNA FARAJ ELHASON,
GLORIA E. LARA, RICHARD CORRIVEAU,
DAVID WORTHAMS and LUKE LONDO, in
their official capacities as members of the
Michigan Civil Rights Commission,

      Defendants.

_____/

No. No. 1:22-cv-00787

HON. JANE M. BECKERING

MAG. PHILLIP J. GREEN

**DEFENDANTS' RESPONSE
IN OPPOSITION TO
PLAINTIFF'S MOTION FOR
LEAVE TO FILE
SUPPLEMENTAL BRIEF AND
EVIDENCE IN SUPPORT OF
ITS MOTION FOR
RECONSIDERATION**

Jonathan A. Scruggs
Arizona Bar No. 030505
Ryan J. Tucker
Arizona Bar No. 034382
Henry W. Frampton, IV
South Carolina Bar No. 75314
Bryan D. Neihart
Arizona Bar No. 035937
Attorneys for Plaintiff
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
480.444.0020
jscruggs@ADFlegal.org
rtucker@ADFlegal.org
hframpton@ADFlegal.org
bneihart@ADFlegal.org

Tonya C. Jeter
Kimberly K. Pendrick
Cassandra Drysdale-Crown
Attorneys for Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
313.456.0067
jetert@michigan.gov
P55352
pendrickp@michigan.gov
P60348

John J. Bursch
Attorney for Plaintiff
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
202.393.8690
jbursh@ADFlegal.org
P57679
_____/


**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
AND EVIDENCE IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**


Tonya C. Jeter (P55352)
Kimberly K. Pendrick (P60348)
Cassandra Drysdale-Crown (P64108)
Attorneys for Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI 48202
313.456.0067
jetert@michigan.gov
pendrickk@michigan.gov


Dated:  May 22, 2023

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents..................................................................................................i

Index of Authorities..............................................................................................ii

Concise Statement of Issue Presented....................................................................iii

Introduction .........................................................................................................1

Statement of Facts................................................................................................1

Argument .............................................................................................................2

I.      Plaintiff fails to demonstrate that additional briefing is in the interest of justice or that it will benefit the Court's analysis in resolving the pending motion...............................................................................................2

II.     The complaint against the charity is not demonstrative of a palpable defect that would result in a different disposition in this case........................6

Conclusion and Relief Requested..........................................................................6

Certificate of Service............................................................................................7

# INDEX OF AUTHORITIES

Page

**Cases**

*Dsouza v. Wells Fargo Bank, NA*, ___F. Supp. 3d___; 2013 U.S. Dist. LEXIS
    51315 (ED Mich. 2013) ........................................................................... 6

*Harshaw v. Bethany Christian Servs.*, No. 1:08-CV-104, 2010 WL 610262
    (W.D. Mich. Feb. 19, 2010) ................................................................... 2

*Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731 (E.D. Mich. 2002) ............ 6

*Nationwide Recovery, Inc. v. City of Detroit*, 2021 U.S. Dist. LEXIS 1840 (E.D.
    Mich. 2021) ........................................................................................... 3

*Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049 (2020) .................. 5

*Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp.*, a Div. of Reed Elsevier
    Grp., PLC, 463 F.3d 478 (6th Cir. 2006) ................................................ 2

**Statutes**

Mich. Comp. Laws § 37.2501 ........................................................................... 4

**Other Authorities**

28 C.F.R. 85 ................................................................................................... 4

42 U.S.C. § 3601 ............................................................................................. 4

**Rules**

Fed. R. Evid. 401 ............................................................................................ 3

W.D. Mich. L. Civ. P. 7.4(a) .......................................................................... 6

**CONCISE STATEMENT OF ISSUE PRESENTED**

1.    Whether this Court should deny Plaintiff's motion to file a
      supplemental brief where the interests of justice do not weigh in favor
      of doing so, and where the proposed brief will not assist the Court in
      resolving Plaintiff's motion for reconsideration.

## INTRODUCTION

Plaintiff argues that a recent complaint filed with the Michigan Department of Civil Rights (MDCR) against the Catholic Charities of Shiawassee and Genesee Counties (the charity) alleging gender identity discrimination in housing supports granting supplemental briefing to, again, attempt to establish standing in support of its motion for reconsideration.

But the charity is not similarly situated to Christian Healthcare—a medical care provider that operates clinics for their members—where it is involved, in relevant part, in providing financial assistance and other services to members of the public necessary to obtaining housing.  Further, the complaint involves violations of Article 5 of the Elliott-Larsen Civil Rights Act (ELCRA) and the federal Fair Housing Act.  Neither are at issue in this case.

Where the facts and laws are dissimilar to the instant case, the new complaint fails to support any present or imminent threat of enforcement of the ELCRA (or the Equal Accommodations Act) against Christian Healthcare.  As a result, supplemental briefing is not in the interests of justice, will not benefit the Court, and would not result in a different disposition.  The motion should be denied.

## STATEMENT OF FACTS

This Court issued an Opinion and Order granting Defendant's motion to dismiss (ECF No. 19) and dismissing Plaintiff's motion for preliminary injunction on March 29, 2023.  (ECF No. 28.)  On that same day, this Court also entered a judgment dismissing this matter and closing the case.  (ECF No. 29.)

Plaintiff filed a motion for reconsideration on April 4, 2023, (ECF No. 30), to which Defendants responded on April 26, 2023. (ECF No. 33.) In the interim, on or about April 13, 2023, the MDCR received a complaint against the Catholic Charities of Shiawassee and Genesee Counties alleging gender identity discrimination in the provision of housing-related services. (ECF No. 35-2, Ex A, PageID.1055.)[1] On May 3, 2023, the MDCR provided a copy of the complaint to the charity and an order requesting a response to the complaint with supporting documentation by May 17, 2023. (*Id.*, PageID.1052-1057.)

On May 8, 2023, Plaintiff filed the instant motion for leave to file a supplemental brief in support of its motion for reconsideration. (ECF No. 35.)

## ARGUMENT

I.   **Plaintiff fails to demonstrate that additional briefing is in the interest of justice or that it will benefit the Court's analysis in resolving the pending motion.**

This Court need not accept every filing submitted by a party; but leave to file supplemental briefs may be granted in the interests of justice when the proposed submission contains "new authority or evidence that was not available [to the movant] in the exercise of reasonable diligence" when the original briefs were filed. *See Harshaw v. Bethany Christian Servs.*, No. 1:08-CV-104, 2010 WL 610262, at *1 (W.D. Mich. Feb. 19, 2010) (citing *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp., PLC*, 463 F.3d 478, 488 (6th Cir. 2006)). But even in

---

[1] Undersigned counsel were unaware of the complaint at the time Defendants' response was filed.

those circumstances, the party must demonstrate "good cause" exists in a motion for leave to file a supplemental brief.  *Id.  See also Nationwide Recovery, Inc. v. City of Detroit*, 2021 U.S. Dist. LEXIS 1840, *3 (E.D. Mich. 2021) (The Court "has the discretion to grant supplemental briefing in the interest of justice. . . . [where the evidence] may provide new *relevant* information to the issue. . . . and this information was not available.") (Emphasis added).

Defendants do not dispute MDCR received the new complaint after this matter was closed on March 29, 2023, and Plaintiff filed its motion for reconsideration on April 4, 2023.  Nevertheless, good cause does not exist to permit supplemental briefing where the complaint is not *relevant* new evidence.  *See* Fed. R. Evid. 401 ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.")

Plaintiff argues the complaint against this religiously-affiliated charity is "evidence [ ] relevant to Christian Healthcare's standing because it demonstrates [Christian Healthcare] faces a credible threat of prosecution as *Michigan is currently investigating a religious entity for allegedly discriminating based on gender identity*."  (ECF No. 35, PageID.1040) (emphasis in original).  Plaintiff further asserts "[t]he complaint is particularly important because, in prior briefing, Michigan tried to defeat Plaintiff's standing and oppose Plaintiff's request for a preliminary injunction by claiming that 'there have been no investigations, prosecutions or enforcement actions … against other religious entities' based on

complaints alleging sexual orientation or gender identity discrimination," which is no longer correct.  (*Id.*)

But other than the fact that the charity is apparently affiliated with the Catholic Church, the complaint bears no similarities to this case.  The charity is not a medical provider, like Christian Healthcare.  And the complaint alleges discrimination related to housing, which is generally governed by Article 5 of the ELCRA, Mich. Comp. Laws § 37.2501 *et seq.*, and/or the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*[2]  Plaintiff's complaint does not allege that Christian Healthcare provides any housing-related services similar to those provided by the charity, and Plaintiff's claims are directed to Articles 2 and 3 of the ELCRA.[3]

Further, housing discrimination claims are dissimilar to other ELCRA claims given the overlap with the federal Fair Housing Act, among other laws, and the fact that which nondiscrimination laws will apply depends to some extent on whether federal funding is involved.[4]  Thus, determining the appropriate applicable law and sources of funding the charity receives will be imperative to the MDCR's investigation and resolution of the complaint and whether the charity will be

---

[2] The MDCR is a designated Fair Housing Assistance Program Agency that receives federal Housing and Urban Development (HUD) funds under the Fair Housing Assistance Program to investigate complaints alleging discrimination related to housing and to provide training under the Fair Housing Act. *See* 28 C.F.R. 85.

[3]  The charity describes the various services it provides on its website, available at Catholic Charities of Shiawassee and Genesee Counties (catholiccharitiesflint.org).

[4] The Fair Housing Act prohibits discrimination against people in nearly all aspects of housing.  *See* Housing Discrimination under the Fair Housing Act, Housing Discrimination Under the Fair Housing Act | HUD.gov / U.S. Department of Housing and Urban Development (HUD).

eligible for an exemption from applicable nondiscrimination laws based on its religious beliefs.  Of course, the scope of the MDCR's investigation will depend on whether the facts support that actionable discrimination occurred.  Regardless, these specific funding issues have no bearing on Christian Healthcare's operation as a medical provider and its claims related to the employment and the public accommodations provisions of the ELCRA.

Plaintiff's suggestion that the mere existence of an administrative complaint and a request to respond to such a complaint violates religious freedoms or demonstrates that Defendants are poised to violate Plaintiff's religious rights is unfounded.  As of this filing, there are no complaints pending against Christian Healthcare and Defendants are unaware of any complaints against churches or similar entities to Christian Healthcare involving sexual orientation or gender identity discrimination.  Christian Healthcare appears to argue it is entitled to something akin to absolute immunity.  But no such immunity exists. *See, e.g, Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2060 (2020) ("[R]eligious institutions [do not] enjoy a general immunity from secular laws, but [the First Amendment] does protect their autonomy with respect to internal management decisions that are essential to the institution's central mission.") Moreover, even defendants that possess immunity still must respond to complaints filed against them—even if it is simply to file a dispositive pleading.

Because the complaint against the charity bears no similarities to the Plaintiff and claims at issue in this case, and thus does not support any allegations

of imminent harm to Plaintiff, it is irrelevant and the interests of justice do not support granting supplemental briefing.

## II.    The complaint against the charity is not demonstrative of a palpable defect that would result in a different disposition in this case.

Plaintiff's request to supplement its briefing relative to its motion for reconsideration fails to establish a palpable defect warranting reconsideration of this case.  W.D. Mich. L. Civ. P. 7.4(a).  Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).  Plaintiff cannot assert a palpable defect of this Court's March 29, 2023, decision based on a complaint filed with the MDCR after the order was issued.  See, *Dsouza v. Wells Fargo Bank, NA*, ___F. Supp. 3d___; 2013 U.S. Dist. LEXIS 51315, at *6 (ED Mich. 2013) (finding a lack of a palpable defect due to events occurring after the court issued its order denying preliminary injunction) (Ex. A).  Further, as stated above, the subsequently filed MDCR complaint does not establish a credible threat of enforcement where it involves dissimilar entities, dissimilar facts, and dissimilar laws to those at issue here.

### CONCLUSION AND RELIEF REQUESTED

This Court should deny Plaintiff's motion for leave to file a supplemental brief in support of its motion for reconsideration.  In the alternative, if this Court grants Plaintiff's motion, Defendants request the opportunity to file a four-page brief in response to Plaintiff's supplemental brief.

Respectfully submitted,

/s/ *Tonya Celeste Jeter*
Tonya Celeste Jeter (P55352)
Kimberly Pendrick (P60348)
Cassandra Drysdale-Crown (P64108)
Assistant Attorneys General
Attorneys for Defendants
3030 West Grand Boulevard
Detroit, Michigan 48202
313.456.0200
Email: jetert@michigan.gov
P55352

Dated:  May 22, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice to the parties.

*s/Tonya C. Jeter*
Tonya C. Jeter (P55352)

7