## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**Christian Healthcare Centers, Inc.**

                      Plaintiff,

v.

**Dana Nessel,** in her official capacity as Attorney General of Michigan; **John E. Johnson, Jr.,** in his official capacity as Executive Director of the Michigan Department of Civil Rights; **Portia L. Roberson, Zenna Faraj Elhason, Gloria E. Lara, Richard Corriveau, David Worthams,** and **Luke Londo** in their official capacities as members of the Michigan Civil Rights Commission.

                      Defendants.

**Case No. 1:22-cv-000787-JMB-PTG**

**Notice of Supplemental Authority**

District courts routinely accept and consider notices of supplemental authority to ensure they have the benefit of the latest precedent when deciding cases. *See Dicastal N. Am., Inc. v. Markowitz Metals Grp., LLC*, No. 1:20-cv-166, 2022 WL 16859716, at *6, *15 (W.D. Mich. Sept. 30, 2022) (Beckering, J.) (considering notice of supplemental authority); *City of Grosse Pointe v. U.S. Specialty Ins. Co.*, No. 18-cv-13428, 2020 WL 13132893, at *1 (E.D. Mich. June 2, 2020) ("The filing of supplemental authority has precedent in this District."). To that end, Plaintiff Christian Healthcare Centers, Inc. submits this notice of supplemental authority about *Braidwood Management, Inc. v. EEOC*, 2023 WL 4073826 (5th Cir. June 20, 2023), attached as Exhibit A.

In *Braidwood*, two religious employers filed a pre-enforcement suit against the EEOC challenging EEOC guidance and the application of *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020). The employers filed a pre-enforcement lawsuit, claiming that "Title VII, as interpreted in the EEOC's guidance and *Bostock*, prevents them from operating their places of employment in a way compatible with their Christian beliefs." *Braidwood*, 2023 WL 4073826, at *2. The case closely mirrors this one where Christian Healthcare filed a pre-enforcement lawsuit, claiming that Michigan's employment and public-accommodations laws, as interpreted through the 2018 Interpretative Statement and *Rouch World* (and now the amendments), prevent the ministry from operating consistent with its beliefs.

The religious employers brought First Amendment and Religious Freedom Restoration Act ("RFRA") claims. *Id.* at *3. The Fifth Circuit held the employers had standing and ruled in their favor on the RFRA claim. *Id.* at *5–20. This case supports the ministry's standing and the ripeness of its claims for five reasons.

*First*, the *Braidwood* religious employers had standing even though the EEOC had never prosecuted them and there was "no record evidence of any job applicant or employee of Braidwood who has claimed that he was discriminated

1

against." *Id.* at *1, *6. The religious employers faced a credible threat of enforcement simply because their "employment policies facially violate the EEOC's guidance." *Id.* at *6. The same is at least *arguably* true of Christian Healthcare Centers' pronoun, cross-sex hormone, and employment policies and related statements about their beliefs. That gives them standing regardless of any pending complaints or investigations. Pl.'s Opp'n to Defs.' Mot. to Dismiss ("MTD Resp."), PageID.614–620. Other circuits agree. *See Vitagliano v. Cnty. of Westchester*, No. 23-30, 2023 WL 4095164, at *7 & n.5 (2d Cir. June 21, 2023) ("[T]he Supreme Court and at least four other circuits [including the Sixth Circuit] have sustained pre-enforcement standing without a past enforcement action or an overt threat of prosecution directed at the plaintiff.").

*Second*, potential religious exemptions in Title VII *might* have applied to protect the *Braidwood* religious employers, but that did not defeat their standing because the challenged law arguably applied to them. Many such potential exemptions existed. One: the EEOC said that "it counsels its investigators to respect employers' religious liberties," *Braidwood*, 2023 WL 4073826, *3, just like Michigan claims here, Defs.' Mot. to Dismiss, PageID.564. Two: unlike the Elliot-Larsen Civil Rights Act, Title VII has a specific religious exemption. *Braidwood*, 2023 WL 4073826, *3. Three: the First Amendment's ministerial exception and RFRA provided potential affirmative defenses to a discrimination complaint. *Id.*

The EEOC relied on these exemptions to argue against standing. The EEOC claimed "'[t]he only thing that can be said with certainty at this time is that RFRA may provide a defense to a Title VII enforcement action and that [the] EEOC should take RFRA's requirements seriously.'" *Id.* at *9. But the court emphatically rejected that argument, calling it "coy at best and tenuous." *Id.* The "core purpose of a declaratory judgment," the court said, is "to receive clarification from this court

before stifling their constitutional practices or otherwise exposing themselves to punishment or enforcement action." *Id.*

Instead, possible exemptions went to the merits, not jurisdiction. In other words, whether Title VII requires the objectionable actions or whether RFRA protects these actions was a merits question, not a standing one. *Id.* at *18–20. That's true here too for Christian Healthcare's constitutional claims, especially where Michigan has never affirmatively stated Christian Healthcare *is* entitled to an exemption, which leads to point three.

*Three*, the EEOC "refuse[d] to declare affirmatively that it will not enforce Title VII against the plaintiffs' policies." *Id.* at *8. Same with Michigan. Michigan has never affirmatively refused to prosecute Christian Healthcare for its pronoun, cross-sex hormone, or employment policies or related statements explaining its religious beliefs. The *Braidwood* court required the EEOC to affirmatively disclaim enforcement in a pre-enforcement setting even though the EEOC, like Michigan, claimed that "RFRA defenses to Title VII enforcement can present difficult, fact-intensive questions that cannot be categorically resolved ahead of time in the abstract." *Id.* at *9.

*Fourth*, the court held that a single enforcement action against another religious employer sufficed to show a history of enforcement, even though that other employer differed from plaintiff and engaged in different activities. *Id.* at *9. Christian Healthcare has identified an even more robust history. Michigan is now prosecuting two religious plaintiffs in *Rouch World* and investigating a Catholic Charity. In almost 50 years, Michigan has granted only four religious BFOQ exemptions, limited to a few employees based on the ministerial exception. And state courts regularly receive employment discrimination complaints against religious entities. MTD Resp., PageID.619 (collecting cases).

*Fifth*, the *Braidwood* religious employers had standing and their claims were ripe where "[n]o party contests the facts or requests additional information to be presented to the court." *Braidwood*, 2023 WL 4073826, at *11. The court rejected the "EEOC's near talismanic mantra that 'further factual development would 'significantly advance' th[e] court's ability to resolve plaintiff's claims'" because the EEOC gave no specific example of necessary facts. *Id.* at *12. Likewise, Michigan never identifies any facts necessary to resolve this dispute. And the *Braidwood* court recognized the hardship to the religious employers in delaying review. Delay "forces plaintiffs to risk practicing their religious beliefs and maintaining the freedom to fire or choose not to hire those out of compliance with their beliefs—thereby putting themselves in danger of a costly enforcement action." *Id.*

The Fifth Circuit decided *Braidwood* at the summary-judgment stage. Thus, those employers had a higher burden to justify their standing than Christian Healthcare does at the pleading stage. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Even so, Christian Healthcare's showing is *at least* as strong as the *Braidwood* employers'. So the ministry has standing.

Respectfully submitted this 23rd day of June, 2023.

By: s/ John J. Bursch

Jonathan A. Scruggs
Arizona Bar No. 030505
Ryan J. Tucker
Arizona Bar No. 034382
Henry W. Frampton, IV
South Carolina Bar No. 75314
Bryan D. Neihart
Arizona Bar No. 035937
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@ADFlegal.org
rtucker@ADFlegal.org
hframpton@ADFlegal.org
bneihart@ADFlegal.org

John J. Bursch
Michigan Bar No. P57679
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
jbursch@ADFlegal.org

*Attorneys for Plaintiff*

**Certificate of Service**

I hereby certify that on June 23, 2023, I electronically filed the foregoing document with the Clerk of Court and that the foregoing document will be served via the CM/ECF system on all counsel of record.

By: <u>s/ John J. Bursch</u>

John J. Bursch
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001

*Attorney for Plaintiff*