UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN HEALTHCARE CENTERS, INC.,

Plaintiff,

v

DANA NESSEL, in her official capacity Attorney General of Michigan, JOHN E. JOHNSON, JR., in his official capacity as Executive Director of the Michigan Department of Civil Rights, PORTIA L. ROBERSON, ZENNA FARAJ ELHASON, GLORIA E. LARA, RICHARD CORRIVEAU, DAVID WORTHAMS, and LUKE LONDO in their official capacities as members of the Michigan Civil Rights Commission,

Defendants.

Case No. 1:22-cv-00787

HON. JANE M. BECKERING

MAG. PHILLIP J. GREEN

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

/

Jonathan A. Scruggs
Arizona Bar No. 030505
Ryan J. Tucker
Arizona Bar No. 034382
Henry W. Frampton, IV
South Carolina Bar No. 75314
Bryan D. Neihart
Arizona Bar No. 035937
Attorneys for Plaintiff
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
480.444.0020
jscruggs@ADFlegal.org
rtucker@ADFlegal.org
hframpton@ADFlegal.org
bneihart@ADFlegal.org

Tonya C. Jeter (P55352)
Kimberly K. Pendrick (P60348)
Attorneys for Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI 48202
313.456.0067
jetert@michigan.gov
pendrickp@michigan.gov

John J. Bursch (P57679)
Attorney for Plaintiff
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
202.393.8690
jbursh@ADFlegal.org
_____________________________________/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants submit this response to Plaintiff's Notice of Supplemental Authority regarding *Braidwood Management, Inc. v. EEOC*, 2023 U.S. App. LEXIS 15378, 2023 WL 4073826 (5th Cir. June 20, 2023). (ECF No. 39, PageID.1088.) As an initial matter, Defendants incorporate their procedural objections to Plaintiff's notice as set forth in Defendants' response to the first notice filed by Plaintiff. (*See* ECF No. 27, PageID.847-48.)

Nonetheless, even if this Court were to consider the notice, it should be given little to no weight. In order for this Court to grant reconsideration, Plaintiff must show that the Court erred at the time it dismissed this case on March 29, 2023. W.D. Mich. L. Civ. P. 7.4(a). A decision issued three months after this Court ruled does not demonstrate this Court erred in rendering its earlier decision. *See, e.g*, *Dsouza v. Wells Fargo Bank, NA*, ___F. Supp. 3d___; 2013 U.S. Dist. LEXIS 51315, at *6 (E.D. Mich. 2013) (finding a lack of a palpable defect due to events occurring after the court issued its order denying preliminary injunction).

Further, while Plaintiff argues the Fifth Circuit's decision in *Braidwood* supports its standing to bring this pre-enforcement challenge, *Braidwood* is neither binding in this circuit nor persuasive given its dissimilarities.

The Fifth Circuit held that the two employers demonstrated a credible threat of enforcement for purposes of standing where the EEOC did not "truly" or "seriously contest" that the employers' policies "facially" violated the EEOC's guidance, and where the EEOC had previously brought one "landmark" lawsuit against a similar employer with similar religious beliefs and policies. *Braidwood Management, Inc*, 2023 WL 4073826 at * 6, 8 (citing *EEOC v. R.G. & G.R. Harris Funeral Homes, Inc*., 884 F.3d 560 (6th Cir. 2018).)

But here, Defendants did not, and do not, concede that Plaintiff's "pronoun, cross-sex hormone, and employment policies" facially violate the ELCRA. (ECF No. 39, PageID.1090.) Further, *Rouch World, LLC v. Dep't of Civil Rights*, 987 N.W.2d 501 (Mich. 2022), which was not brought by Defendants, was a landmark case but only in the sense that it determined as a matter of law that the word "sex" as used in Article 3 of the ELCRA, included sexual orientation and gender identity. It is not akin to the favorable, precedential ruling on the merits that the EEOC achieved in *Harris*.

As the Fifth Circuit acknowledged, courts "have treated the threat of future enforcement as case-and-fact-specific," and that "[d]ifferent factors are weighed accordingly per the case-specific facts." *Braidwood Management, Inc*, 2023 WL 4073826 at *10 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159

(2014).) There the Court observed that it knew "what the EEOC says violates its guidance and the law; [it knew] what Braidwood's exact policies are; and [it had] admissions from the EEOC that Braidwood's current practices violate Title VII. Per *Harris*, [it had] evidence that the EEOC has brought an enforcement action against a similar violator." *Id*. at *11.

Here, while Plaintiff may have supplied this Court with its policies, (*see* ECF No. 1-4 to 1-17, PageID.87-153), this Court does not know what Defendants believe violates the ELCRA in this context because Defendants, themselves, have made no such determinations or issued any guidance. Nor have Defendants made any admissions that Plaintiff's policies violate the ELCRA. And finally, there is no *Harris*-like case demonstrating that Defendants have pursued an enforcement action against a similar violator. *Rouch World*, now pending as an administrative complaint, is solely a public accommodations case against a wedding venue, not a healthcare provider. Moreover, it is still in its investigative stage, so Defendants have made no decision one way or the other as to whether actionable discrimination occurred. And the administrative complaint against the Catholic charity is likewise dissimilar for reasons already argued by Defendants. (*See* ECF No. 37, PageID.1074.).

*Braidwood* simply has little to no bearing on this suit, as it is both distinguishable and non-binding authority.

Respectfully submitted,

*/s/ Tonya C. Jeter*
Tonya C. Jeter (P55352)
Kimberly K. Pendrick (P60348)
Assistant Attorneys General
Attorneys for State Defendants
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
jetert@michigan.gov
P55352

Dated: July 3, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2023, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice to the parties.

*s/Tonya C. Jeter*
Tonya C. Jeter (P55352)