UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTIAN HEALTHCARE CENTERS, INC., | |
| Plaintiff, | No. No. 1:22-cv-00787 |
| v | HON. JANE M. BECKERING |
| DANA NESSEL, in her official capacity Attorney General of Michigan, JOHN E. JOHNSON, JR., in his official capacity as Executive Director of the Michigan Department of Civil Rights, PORTIA L. ROBERSON, ZENNA FARAJ ELHASON, GLORIA E. LARA, RICHARD CORRIVEAU, DAVID WORTHAMS and LUKE LONDO, in their official capacities as members of the Michigan Civil Rights Commission, | MAG. PHILLIP J. GREEN |
| | **DEFENDANTS' RESPONSE TO PLAINTIFF'S 07/06/2023 NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Defendants. _____/ | |

Jonathan A. Scruggs
Arizona Bar No. 030505
Ryan J. Tucker
Arizona Bar No. 034382
Henry W. Frampton, IV
South Carolina Bar No. 75314
Bryan D. Neihart
Arizona Bar No. 035937
Attorneys for Plaintiff
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
480.444.0020
jscruggs@ADFlegal.org
rtucker@ADFlegal.org
hframpton@ADFlegal.org
bneihart@ADFlegal.org

Tonya C. Jeter
Kimberly K. Pendrick
Cassandra Drysdale-Crown
Attorneys for Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
313.456.0067
jetert@michigan.gov
P55352
pendrickp@michigan.gov
P60348

John J. Bursch
Attorney for Plaintiff
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
202.393.8690
jbursch@ADFlegal.org
P57679
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**JULY 6, 2023 NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants submit this response to Plaintiff's Notice of Supplemental Authority regarding *303 Creative LLC v. Elenis*, 2023 U.S. LEXIS 2794 (U.S., June 30, 2023). (ECF No. 41, PageID.1124-1166.) Defendants incorporate their prior procedural objections to the previously filed Notices of Supplemental Authority.

Should this Court accept Plaintiff's notice regarding the recent *303 Creative* decision to be proper, Defendants offer this response. In *303 Creative,* a majority of the Supreme Court held that individually created wedding websites constituted the "pure speech" of the website designer, and that the State of Colorado could not "compel" this speech by requiring the designer to provide her services equally to same-sex and opposite-sex couples. *303 Creative* at p. 9-15. Much of the decision was based on a stipulation of the parties that the designer would offer services to all protected classes, including sexual orientation, with the exception of creating wedding websites that contradicted her religious belief (i.e., for same-sex couples), and that the graphics and websites at issue constituted expression and express the designer's message celebrating and promoting her view of marriage as limited to opposite sex couples. *Id.,* p. 5.

2

Despite Plaintiff's contention, *303 Creative* does not impact the standing issue in this case. Although this decision holds that a state law cannot compel an individual's pure speech, *303 Creative* provides no analysis regarding the text or application of Michigan's ELCRA or Title VII. Further, unlike this case, *303 Creative* involved "a history of past enforcement against nearly identical conduct— *i.e., Masterpiece Cakeshop*." *Id.,* p. 5. Also, while Plaintiff notes that the Colorado law instructed investigators to consider other laws, there was no analysis or holding by the Supreme Court regarding the impact of this language on the case before them. Such statutory language was likely not considered relevant by the Court where Colorado had previously enforced its statute in a similar scenario.

Regarding ripeness, Plaintiff argues that there are no disputed facts and that no additional facts are required to resolve its request for injunctive relief. However, the only relevant facts before this Court involve whether this Court should reverse its decision dismissing this matter due to Plaintiff's lack of standing.

Relative to Plaintiff's merits argument, it notes that the Supreme Court in *303 Creative* "reaffirmed that the government may not compel someone to speak a message with which they disagree." (ECF 41, PageID.1129-1130.) If Plaintiff opines *303 Creative* prevents Michigan from taking action against it, then it is not clear why it opines that any further action in this Court is required. In addition, assessment of whether each action Plaintiff seeks to engage in as outlined in its Complaint would constitute compelled speech is not before this Court where the matter was dismissed due to a lack of standing. The Supreme Court noted that

"determining what qualifies as expressive activity protected by the First Amendment can sometimes raise difficult questions." *303 Creative* at p. 21–22.  It is unnecessary to reach these questions given the ELCRA's requirement that other laws be considered in its application.

Simply put, *303 Creative* has little to no bearing on this suit, as it does not resolve Plaintiff's standing and ripeness issues.  Rather, it merely provides additional authority relative to Defendants' enforcement of the ELCRA in conjunction with the First Amendment.

Respectfully submitted,

*s/Kimberly K. Pendrick*
Kimberly Pendrick (P60348)
Tonya Celeste Jeter (P55352)
Cassandra Drysdale-Crown (P64108)
Assistant Attorneys General
Attorneys for Defendants
3030 W. Grand Blvd., Suite 10-666
Detroit, Michigan 48202
313.456.0200
Email:  pendrickk@michigan.gov

Dated:  July 21, 2023

### CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Kimberly K. Pendrick*
Kimberly K. Pendrick (P60348)
Assistant Attorney General
