UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN HEALTHCARE CENTERS, INC.,

    Plaintiff,

v

DANA NESSEL, in her official capacity Attorney General of Michigan, JOHN E. JOHNSON, JR., in his official capacity as Executive Director of the Michigan Department of Civil Rights, PORTIA L. ROBERSON, ZENNA FARAJ ELHASON, GLORIA E. LARA, RICHARD CORRIVEAU, DAVID WORTHAMS and LUKE LONDO, in their official capacities as members of the Michigan Civil Rights Commission,

    Defendants.
_____/

No. No. 1:22-cv-00787

HON. JANE M. BECKERING

MAG. PHILLIP J. GREEN

**DEFENDANTS' RESPONSE TO PLAINTIFFS' JULY 25, 2023 NOTICE OF SUPPLEMENTAL AUTHORITY**

Jonathan A. Scruggs
Arizona Bar No. 030505
Ryan J. Tucker
Arizona Bar No. 034382
Henry W. Frampton, IV
South Carolina Bar No. 75314
Bryan D. Neihart
Arizona Bar No. 035937
Attorneys for Plaintiff
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, Arizona 85260
480.444.0020
jscruggs@ADFlegal.org
rtucker@ADFlegal.org
hframpton@ADFlegal.org
bneihart@ADFlegal.org

Tonya C. Jeter
Kimberly K. Pendrick
Cassandra Drysdale-Crown
Attorneys for Defendants
3030 W. Grand Blvd., 10th Floor
Detroit, MI  48202
313.456.0067
jetert@michigan.gov
P55352
pendrickp@michigan.gov
P60348

John J. Bursch
Attorney for Plaintiff
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
202.393.8690
jbursch@ADFlegal.org
P57679
_____/

### DEFENDANTS' RESPONSE TO PLAINTIFFS' JULY 25, 2023 NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants submit this response to Plaintiffs' Notice of Supplemental Authority regarding *Block v. Canepa*, 2023 U.S. LEXIS 17946 (6th Cir., July 14, 2023). (ECF No. 43, PageID.1171-1175.) Defendants incorporate their prior procedural objections raised in response to Defendants' previous Notice of Supplemental Authority. (ECF Nos. 40.)

*Block* involves a pre-enforcement constitutional challenge regarding Ohio's Transportation Limit statute, which prohibits individuals from transporting various types of alcohol, including wine, in excess of the prescribed statutory limits from another state. *Id.* at *5. The statute in *Block* specifically proscribed the conduct that plaintiff wanted to engage in where he wanted to transport more wine into Ohio than permitted. *Id.*

Plaintiffs argue that, like the Plaintiffs in *Block*, they have demonstrated that Defendants prosecute the statutes at issue by purportedly showing "Michigan does prosecute ELCRA violations *generally*." (emphasis added) (ECF No. 43, PageID.1173). Such a contention ignores the requirement that a plaintiff "must

2

plead facts sufficient to establish a 'reasonable' fear of prosecution," which can be demonstrated through "past enforcement against the *same conduct*"—not just past enforcement of a statute generally. *Block* at *13, citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014). (Emphasis added). *Block* involves a statute that proscribed the very specific conduct plaintiff wished to engage in, and the state had a past history of enforcement of that statute for the same, specific conduct. In *Block* there was evidence of past enforcement of transporting other types of alcohol (bourbon and liquor) when plaintiff wanted to transport wine; however, the statute specifically contained a transportation limit for wine. This is not comparable to the facts of this case where Plaintiffs argue any enforcement of the ELCRA based on any protected category provides them with standing despite a lack of evidence of past enforcement against a religious entity for the conduct they wish to engage in and despite the fact that the ELCRA requires consideration of other laws.

Further, Plaintiffs' claim that *Block* requires governmental disavowal to neutralize the threat of enforcements is inaccurate. (ECF No. 43, PageID.1174.) While the court in *Block* found that the Ohio defendants "have not indicated that they, as a matter of policy, choose not to prosecute people engaging in Miller's desired conduct," they did not rule it was a requirement. *Block*, at *18.

Simply, *Block* has little to no bearing on this suit, as it does not resolve Plaintiffs' standing issues.

        Respectfully submitted,

        *s/Kimberly K. Pendrick*
        Kimberly Pendrick (P60348)
        Tonya Jeter (P55352)
        Assistant Attorneys General
        Attorneys for Defendants
        3030 W. Grand Blvd., Suite 10-666
        Detroit, Michigan 48202
        313.456.0200
        Email: pendrickk@michigan.gov

Dated: August 3, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

        *s/Kimberly K. Pendrick*
        Kimberly K. Pendrick (P60348)
        Assistant Attorney General