UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN HEALTHCARE CENTERS, INC.,

    Plaintiff,

v.

DANA NESSEL, in her official capacity Attorney General of Michigan, JOHN E. JOHNSON, JR., in his official capacity as Executive Director of the Michigan Department of Civil Rights, PORTIA L. ROBERSON, ZENNA FARAJ ELHASON, GLORIA E. LARA, REGINA GASCO-BENTLEY, ANUPAMA KOSARAJU, RICHARD CORRIVEAU, and DAVID WORTHAMS, in their official capacities as members of the Michigan Civil Rights Commission,

    Defendants.
_____/

No. 1:22-cv-00787

HON. JANE M. BECKERING

MAG. PHILLIP J. GREEN

## STIPULATED PROTECTIVE ORDER

Plaintiff and Defendants, by and through their respective attorneys, hereby stipulate and agree that it is prudent to establish reasonable measures to protect against the disclosure of confidential or private information.

Counsel agrees that the following protective provisions shall govern the disposition of documents designated by any party as confidential in accordance with the terms of this Order. Based upon the stipulation of the parties, the Court hereby orders as follows:

1. **Designation of Documents, etc. as "Confidential":** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Portions of depositions may be designated confidential via such designation being made on the record at the deposition or by designation made within 30 days of receiving the deposition transcript. Such designation shall be specific as to the portions of the transcript that is confidential. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order. However, the MDCR records regarding claimant files shall be considered confidential without being designated as CONFIDENTIAL, and the plaintiff has the right to challenge the confidentiality designation in accordance with Section 4 below.

Any party may designate documents as confidential after determining in good faith that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, confidential research, development, or commercial information, or documents that otherwise qualify for a confidential designation under applicable law. Receiving parties have the right to challenge the confidentiality designation in accordance with Section 4 below.

All documents designated as confidential shall be treated as such until and unless the Court rules otherwise.

    2.    **Use in this Proceeding Only:** These Confidential materials shall be used only for the purpose of litigating the claims in this proceeding and shall not be used or disclosed for any other purpose. Counsel may disclose these Confidential materials only to the following:

    a.    The parties and their executive leadership, all of whom are bound by the confidentiality obligations set forth in this Order.

    b.    Persons employed in the law offices of the parties' attorneys, where disclosure is reasonably necessary for those persons to render services to the parties' or non-parties' counsel in connection with this case;

    c.    Experts that have consulted with and/or have been retained by the parties' counsel in connection with this case, after said experts have been informed of the provisions contained within this Protective Order and have agreed in writing to keep the material or information confidential in accordance with the provisions of this stipulation;

    d.    The Court or persons performing a role in the administration of Court procedures in connection with this case, for purposes of such procedures, including motions, mediation, and settlement conferences.

    3.    **Confidential Material:** The recipient of any Confidential material will keep said material and contents confidential pursuant to the terms of this Protective Order. Any individual receiving Confidential material is enjoined from disclosing said material and information to any other person, except as governed by this Order.

    4.    **Filing Confidential Material under Seal and Lifting the Protective Order:** Prior to the filing of the Confidential material in court,

counsel shall confer regarding whether the document can be filed without further redaction, whether it can be filed with further redaction and what needs to be redacted, or whether court permission should be sought to file it under seal.

Confidential information and/or materials may be used in this litigation if the producing counsel, in writing, waives the confidentiality of the information or document, or if the court, for good cause shown and upon reasonable notice and an opportunity to be heard for counsel for each party, orders the production of the information and/or materials contrary to provisions of this stipulation and order

5. **Inadvertent Disclosure:** Inadvertent disclosure of any information or document does not waive the confidential nature of the information or document. If the Plaintiff inadvertently discloses the Confidential material contrary to the terms of this agreement, Plaintiff will take steps to remediate the disclosure. If Plaintiff is unable to obtain the documents inadvertently disclosed, they shall file a show cause motion against the third-party that obtained the information.

6. **Return of Confidential Material at Conclusion of the Proceeding:** At the conclusion of the proceeding and upon receipt of a written request, any and all Confidential material will be returned to counsel for the producing party, and the obligation to maintain confidentiality pursuant to the terms of this Protective Order will survive the termination of the proceeding.

7. **Enforcement Until Modified:** This Protective Order will remain in force and effect until modified, superseded, or terminated by a written agreement of the counsel of record or by order of the Court.

**Stipulated and agreed to by:**

*/s/Hal W. Frampton (w/permission)*　　　　　　　Date: February 12, 2025
Hal W. Frampton, IV
South Carolina Bar No. 035937
Alliance Defending Freedom
hframpton@adflegal.org

*/s/Kimberly K. Pendrick*　　　　　　　　　　　　Date: February 12, 2025
Kimberly K. Pendrick (P60348)
Assistant Attorneys General
Attorney for Defendants
pendrickk@michigan.gov

## PROTECTIVE ORDER

The Court having acknowledged the stipulation of the attorneys and being fully apprised in the premises:

IT IS HEREBY ORDERED.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　HON. JUDGE JANE BECKERING
　　　　　　　　　　　　　　　　　　　　　U.S. Western District of Michigan

Date: